Removal from the

State Court of Gwinnett County

CAFN: 18-C-08610-S3

Ikram Alsaady v. The Kroger Co. d/b/a Kroger and John Doe

# EXHIBIT B

All process, pleadings and orders served upon Defendant.

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-04233-S4**
**7/29/2022 4:44 PM**
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

**Ikram Alsaady**

_____

_____

PLAINTIFF

22-C-04233-S4

CIVIL ACTION
NUMBER:_____

VS.

**The Kroger Co.**

**d/b/a Kroger and**

**John Doe,**

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Jason Barrett Green, Esq.
Morgan & Morgan, PLLC
191 Peachtree Street NE, Suite 4200
Atlanta, GA  30309

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 20_____.

29th day of July, 2022

**Tiana P. Garner**
**Clerk of State Court**

By_____
                    **Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

SC-1 Rev. 2011

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-04233-S4**
**7/29/2022 4:44 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| IKRAM ALSAADY, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO.: |
| | ) | |
| vs. | ) | 22-C-04233-S4 |
| | ) | |
| THE KROGER CO. d/b/a KROGER | ) | |
| and JOHN DOE, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AND DEMAND FOR TRIAL BY JURY
## RENEWAL ACTION

**COMES NOW** Plaintiff and sues Defendants as follows:

## RENEWAL ACTION

1.

Pursuant to O.C.G.A. § 9-2-61, this action is a recommencement and renewal of a prior action between these parties, namely, Civil Action File No. 18-C-08610-S3, in the State Court of Gwinnett County, State of Georgia ("Prior Action"). The Prior Action was brought within the applicable statute of limitations and was dismissed without prejudice by the Court on April 14, 2022. The above-styled renewal action is brought within the original applicable period of limitations and within six months of the dismissal of the Prior Action as required by O.C.G.A. § 9-2-61, and this renewal action involves essentially the same allegations as the Prior Action. The above-styled renewal action is not barred by any statute of limitations, and all conditions precedent to this action have been fulfilled. Said Civil Action No. 18-C-08610-S3 was not a void suit at the

time of its dismissal and was such a valid suit as may be renewed under O.C.G.A. § 9-2-61. This action is not the renewal of a previous action which was dismissed on its merits so that the dismissal would act as a bar to a re-filing of this complaint. Plaintiff files this complaint renewing said suit.

## PARTIES, VENUE AND JURISDICTION

2.

Plaintiff is a resident of the State of Georgia.

3.

Defendant, The Kroger Co. d/b/a Kroger is a foreign corporation authorized to do business in Georgia and is subject to the jurisdiction and venue of this Court after service upon it's registered agent for service, CSC of Cobb County, Inc., located at 192 Anderson Street, S.E., Cobb County, Marietta, Georgia 30060. Defendant Kroger Co. is doing business as "Kroger" grocery store located at 950 Herrington Rd, Lawrenceville, Gwinnett County, Georgia.

4.

Defendant, The Kroger Co, is an owner/operator of a national chain of retail stores, and is authorized to transact business in the State of Georgia.

5.

At all times material hereto, Defendant John Doe whose whereabouts are currently unknown, is subject to the jurisdiction and venue of this Court. Defendant John Doe will be named and served with Summons and Complaint once his/her identity is revealed.

6.

Defendants Kroger and John Doe are joint tortfeasors and as such, venue as to all Defendants is proper in Cobb County, Georgia.

7.

Venue as to Kroger is proper in Cobb County, Georgia pursuant to O.C.G.A § 14-2-510(1).

## FACTUAL BACKGROUND

8.

On or about September 22, 2015, Plaintiff was an invitee of Kroger located at 950 Herrington Rd, Lawrenceville, Gwinnett County, Georgia. While Plaintiff was shopping, she tripped over loose grapes on the floor.

9.

At all relevant times, Plaintiff exercised reasonable care for her own safety.

10.

At all relevant times, Defendant, the owner, manager and/or operator of the premises in question, owed a legal duty under O.C.G.A. § 51-3-1 of reasonable care to invitees to inspect and keep the premises in a safe condition.

11.

At all relevant times, Defendant negligently failed to inspect the premises, failed to keep areas clear of any dangerous objects and failed to warn patrons of the dangerous objects.

12.

At all relevant times, Defendant had or should have had employees in the area where the Plaintiff fell, and therefore, had constructive knowledge of the dangerous objects and could have prevented the injury.

13.

As a proximate result of Defendant's negligence, Plaintiff sustained injuries. As a result

of Defendant's negligence, Plaintiff has incurred at least $50,996.00 in past medical expenses. Plaintiff is also entitled to recover general damages.

14.

By reason of the foregoing, Plaintiff is entitled to recover compensatory damages from Defendants jointly in an amount to be proven at trial.

## COUNT II NEGLIENCE OF JOHN DOE

15.

Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 13 above as if they were restated verbatim.

16.

At all relevant times, John Doe was an employee and/or agent of Kroger and was responsible for managing the Kroger located at 950 Herrington Rd, Lawrenceville, Gwinnett County, Georgia.

17.

At all relevant times, John Doe was responsible for inspection, maintaining and supervising employees and all areas of the Kroger's at the above referenced location.  At all relevant times John Doe worked in the course and scope of his/her employment and/or agency relationship with Kroger.

18.

On September 22, 2015, at the time of the incident-in-suit, Defendant John Doe possessed and controlled the subject premises where the incident occurred such that he was the occupier of the premises at the time of Plaintiff's injury.

19.

On September 22, 2015, Defendant John Doe was supervising and/or managing the Kroger which is the subject the incident-in-suit. At all relevant times Defendant John Doe had *actual* or *constructive* knowledge of the hazardous condition.

20.

On September 22, 2015, at the time of the incident-in-suit, Plaintiff was an invitee on the premises. Defendant John Doe had a legal duty under O.C.G.A. § 51-3-1 to perform supervisory services in a reasonable and prudent manner and to warn Plaintiff of dangerous conditions that were not discoverable in the exercise of reasonable care.

21.

On September 22, 2015, at the time of the incident-in-suit, Defendant John Doe also had a legal duty to perform his/her supervisory duties in a non-negligent manner which included warning Plaintiff of dangerous conditions that were not discoverable to her in the exercise of reasonable care.

22.

Defendant John Doe breached his/her legal duties to perform his/her supervisory duties in a reasonable, prudent and non-negligent manner, by failing to inform invitees of the hazardous condition and supervise personnel, and to warn Plaintiff of the dangerous condition.

23.

At all times, Plaintiff exercised reasonable care for her own safety.

24.

As a direct and proximate result of the negligent acts by John Doe, Plaintiff suffered injuries and damages, including medical expenses and pain and suffering. As a result of the

negligence of Defendant, Plaintiff incurred at least $50,996.00 in past medical expenses.

25.

Due to Defendants negligence in failing to exercise ordinary care in keeping its premises and approaches safe, Plaintiff sustained life altering injuries.

26.

By reason of the foregoing, Plaintiff is entitled to recover compensatory damages from Defendants Kroger and John Doe jointly in amounts to be proven at trial.

**WHEREFORE,** Plaintiff prays for and judgment against Defendant as follows:

a.    That Plaintiff recovers special damages as alleged above and as proven;

b.    That Plaintiff recover general damages, including for pain and suffering, in an amount to be determined by the enlightened conscience of the jury;

c.    That Plaintiff recovers cost;

d.    That Plaintiff recover such other relief as is just and proper; and

e.    That all issues be tried before a jury of twelve persons.

This 29th day of July, 2022.

Respectfully submitted,

/s/ *Jason Barrett Green*

MORGAN & MORGAN ATLANTA, PLLC          Jason Barrett Green
P.O. Box 57007                                        Georgia Bar No. 306858
Atlanta, Georgia 30343-1007                    Attorney for Plaintiff
Phone: (404) 965 – 1989
Fax:    (404) 496 – 7379
Email: jgreen@forthepeople.com

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-04233-S4**
**7/29/2022 4:44 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| IKRAM ALSAADY, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO.: |
| | ) | |
| vs. | ) | 22-C-04233-S4 |
| | ) | |
| THE KROGER CO. d/b/a KROGER | ) | |
| and JOHN DOE, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

### RULE 5.2 CERTIFICATE OF SERVICE

This is to certify that pursuant to Uniform Court Rule 5.2, I have served upon all

Defendants in the foregoing matter with a copy of the following:

1. **PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT;**

2. **PLAINTIFF'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF**

   **DOCUMENTS TO DEFENDANT;**

This 29th day of July, 2022.

Respectfully submitted,

MORGAN & MORGAN ATLANTA, PLLC
P.O. Box 57007
Atlanta, Georgia  30343-1007
Phone:  (404) 965 – 1989
Fax:     (404) 496 – 7379
Email: jgreen@forthepeople.com

/s/ *Jason Barrett Green*
Jason Barrett Green
Georgia Bar No. 306858
Attorney for Plaintiff

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-04233-S4**

**7/29/2022 4:44 PM**
TIANA P. GARNER, CLERK

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☒ State Court of **Gwinnett** County

| For Clerk Use Only | | 22-C-04233-S4 |
|---|---|---|
| Date Filed _____ **MM-DD-YYYY** | Case Number _____ | |

**Plaintiff(s)**

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Alsaady | Ikram | | | |
| | | | | |
| | | | | |
| | | | | |

**Defendant(s)**

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Co. | The | Kroger | | |
| | d/b/a | Kroger | | |
| Doe | John | | | |
| | | | | |

Plaintiff's Attorney **Jason Barrett Green**   Bar Number **306858**   Self-Represented ☐

### Check One Case Type in One Box

**General Civil Cases**

- ☒ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**

- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____   _____
Case Number                     Case Number

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____
_____

E-FILED IN OFFICE - AK
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-04233-S3**

**9/2/2022 12:33 PM**

**TIANA P. GARNER, CLERK**

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

|                                              |     |                          |
|----------------------------------------------|-----|--------------------------|
| IKRAM ALSAADY,                               | )   |                          |
|                                              | )   |                          |
| Plaintiff,                                   | )   |                          |
|                                              | )   | CIVIL ACTION FILE        |
| v.                                           | )   | NO.  22-C-04233-S4       |
|                                              | )   |                          |
| THE KROGER CO. d/b/a KROGER                  | )   | JURY TRIAL DEMANDED      |
| and JOHN DOE,                                | )   |                          |
|                                              | )   |                          |
| Defendants.                                  | )   |                          |

**DEFENDANT'S NOTICE OF FILING OF PETITION FOR REMOVAL**

TO:     Ikram Alsaady, by and through his counsel of record:

Jason Barrett Green
MORGAN & MORGAN, PLLC
P.O. Box 57007
Atlanta, Georgia 30343-1007
jgreen@forthepeople.com

COMES NOW Defendant, The Kroger Co., in the above-captioned civil action, and

hereby gives notice in compliance with 28 U.S.C.A. § 1446(d) that it has filed:

(a) Its *Petition for Removal* of said action to the United State District Court for the

Northern District of Georgia, Atlanta Division a copy of which is attached hereto and

incorporated herein as Exhibit "A".

(b) A file stamped copy of *Defendant The Kroger Co.'s Answer to Plaintiff's Complaint*

is attached hereto and incorporated herein as Exhibit "B".

Respectfully submitted this 2nd day of September, 2022.

*(Signature on next page)*

**GRAY, RUST, ST. AMAND,**
**MOFFETT & BRIESKE, L.L.P.**
950 East Paces Ferry Road, N.E.
Suite 1700 – Salesforce Tower Atlanta
Atlanta, Georgia 30326
Telephone:      (404) 870-7386
Facsimile:      (404) 870-1033

*/s/ Sarah Raquel L. Lisle*
Matthew G. Moffett
Georgia State Bar No. 515323
Sarah Raquel L. Lisle
Georgia State Bar No. 412593
*Attorneys for The Kroger Co.*

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served a copy of the foregoing **DEFENDANT'S**

**NOTICE OF FILING OF PETITION FOR REMOVAL** with the Clerk of Court using the

Court's electronic filing-and-service system, which will send electronic notification to all parties

having appeared of record in this action:

Jason Barrett Green
MORGAN & MORGAN, PLLC
P.O. Box 57007
Atlanta, Georgia 30343-1007
jgreen@forthepeople.com

Respectfully submitted this 2nd day of September, 2022.

| | |
|---|---|
| **GRAY, RUST, ST. AMAND,** | _/s/ Sarah Raquel L. Lisle_____ |
| **MOFFETT & BRIESKE, L.L.P.** | Matthew G. Moffett |
| 950 East Paces Ferry Road, N.E. | Georgia State Bar No. 515323 |
| Suite 1700 – Salesforce Tower Atlanta | Sarah Raquel L. Lisle |
| Atlanta, Georgia 30326 | Georgia State Bar No. 412593 |
| Telephone:     (404) 870-7386 | _Attorneys for The Kroger Co._ |
| Facsimile:     (404) 870-1030 | |

Removal from the

State Court of Gwinnett County

CAFN: 18-C-08610-S3

Ikram Alsaady v. The Kroger Co. d/b/a Kroger and John Doe

# EXHIBIT A

Petition for Removal.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| IKRAM ALSAADY,           ) | |
|           ) | |
|     Plaintiff,       ) | |
|           ) | CIVIL ACTION FILE |
| v.            ) | NO. _____ |
|           ) | |
| THE KROGER CO. d/b/a KROGER  ) | ***Removed from Gwinnett County State*** |
| and JOHN DOE,       ) | ***Court*** |
|           ) | ***Civil Action Number: 22-C-04233-S4*** |
|     Defendant. | |

## <u>NOTICE OF REMOVAL BY DEFENDANT</u>

COMES NOW The Kroger Co., (hereinafter referred to as "Defendant" or "Kroger") by and through undersigned counsel, and shows this Honorable Court the following:

### 1.

This civil action was filed in the State Court of Gwinnett County, Georgia, said county being part of the Northern District of Georgia. (N.D.G.A. Local Rule 3.1(A), LR App. A, I). This, the Atlanta Division of this Court, is the proper Division for this removal as further set forth below.

### 2.

The action is a civil action for personal bodily injuries and medical expenses, and the United States District Court for the Northern District of Georgia has

jurisdiction by reason of the diversity of citizenship of the parties.

3.

The matter in dispute is believed to exceed $75,000.00, the statutory amount in controversy, exclusive of interest and costs, as Plaintiff's counsel has represented in writing that Plaintiff seeks to recover medical damages of at least $371,589.97 related to this incident. Such document evidencing the amount in controversy is attached hereto as Exhibit "A".

4.

(a)    At the time of the commencement of this action in State Court, upon information and belief, and according to Plaintiff's *Complaint for Damages*, Plaintiff, Ikram Alsaady, was and is now, a citizen of Georgia.

(b)    At the time the action was commenced and at the present time, Defendant was and still is a corporation, incorporated and existing under and by virtue of the laws of Ohio having its principal place of business in Ohio, and a citizen of Ohio.

5.

A true and correct copy of all process, pleadings, and orders served upon Defendant in this action are attached hereto as Exhibit "B."

On August 3, 2022, Defendant received a copy of the Summons and Complaint filed by Plaintiff in Gwinnett County State Court. (See Plaintiff's Summons and Complaint, attached hereto as Exhibit "B").

7.

The instant *Petition for Removal* is timely filed pursuant to and in accordance with 28 U.S.C. § 1446(b) within thirty days after the receipt by Defendant's counsel of Plaintiff's Summons and Complaint, attached as Exhibit "B.".

8.

Furthermore, the instant *Petition for Removal* is timely filed pursuant to and in accordance with 28 U.S.C. § 1446(c)(1) within one year of the commencement of the action.

9.

Accordingly, this action, over which the United States District Court for the Northern District of Georgia has original jurisdiction under 28 U.S.C. § 1332, is removable to the United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. § 1441.

10.

Venue is proper in the Atlanta Division of the United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. § 1441, 28 U.S.C. § 1391,

and N.D.G.A. Local Rule 3.1(B)(1)(a).  Specifically, Plaintiff's Complaint was filed in the State Court of Cobb County, which is part of the Atlanta Division.  *See* N.D.G.A. Local Rule 3.1(A), LR App. A, I.

11.

As required by 28 U.S.C. § 1446(d), Defendant shall give written notice hereof to all adverse parties and shall file a copy of this *Notice of Removal* with the Clerk of the State Court of Gwinnett County.

WHEREFORE, Defendant, The Kroger Co., requests that this action proceed in this Court as an action properly removed to it.

Respectfully submitted this the 2nd day of August, 2022.

| | |
|---|---|
| **GRAY, RUST, ST. AMAND, MOFFETT & BRIESKE, L.L.P.** | */s/ Sarah Raquel L. Lisle* |
| 1700 Atlanta Plaza | Matthew G. Moffett |
| 950 East Paces Ferry Road | Georgia State Bar No.:  515323 |
| Atlanta, Georgia 30326 | Sarah Raquel L. Lisle |
| Telephone:  (404) 870-7386 | Georgia State Bar No.:  412593 |
| Facsimile:   (404) 870-1033 | Attorneys for Defendant The Kroger Co. |

## <u>CERTIFICATE OF SERVICE AND COMPLIANCE WITH L.R. 5.1</u>

This is to certify that I have this day served the **Notice of Removal by Defendant** with the Clerk of Court and upon all counsel of record using the CM/ECF system which will automatically send email notification of such filing to the following:

Jason Barrett Green
**MORGAN & MORGAN, PLLC**
P.O. Box 57007
Atlanta, Georgia 30343-1007
jgreen@forthepeople.com

This is to further certify that the foregoing complies with the font and point selections approved by the Court in Local Rule 5.1.  It is prepared in Times New Roman 14 point font.

Respectfully submitted this the 2nd day of August, 2022.

| | |
|---|---|
| **GRAY, RUST, ST. AMAND,**<br>**MOFFETT & BRIESKE, L.L.P.** | _/s/ Sarah Raquel L. Lisle_ |
| 1700 Atlanta Plaza | Matthew G. Moffett |
| 950 East Paces Ferry Road | Georgia State Bar No.:  515323 |
| Atlanta, Georgia 30326 | Sarah Raquel L. Lisle |
| Telephone:  (404) 870-7386 | Georgia State Bar No.:  412593 |
| Facsimile:   (404) 870-1033 | Attorneys for Defendant The Kroger Co. |

Removal from the

State Court of Gwinnett County

CAFN: 18-C-08610-S3

Ikram Alsaady v. The Kroger Co. d/b/a Kroger and John Doe

# EXHIBIT B

Defendant Kroger's Answer

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| IKRAM ALSAADY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | NO. _____ |
| | ) | |
| THE KROGER CO. d/b/a KROGER | ) | ***Removed from Gwinnett County State*** |
| and JOHN DOE, | ) | ***Court*** |
| | ) | ***Civil Action Number: 22-C-04233-S4*** |
| Defendant. | | |

## DEFENDANT THE KROGER CO.'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT FOR PERSONAL INJURIES

COMES NOW The Kroger Co., (hereinafter referred to as "Defendant" or "Kroger") named as a defendant in the *Complaint for Personal Injury* of Plaintiff Ikram Alsaady (hereinafter referred to as "Plaintiff"), by and through undersigned counsel, and files this, its *Answer and Defenses*, showing unto the Court as follows:

## FIRST DEFENSE

For a first defense, The Kroger Co. ("Defendant" or "Kroger") responds to the enumerated paragraphs of Plaintiff's *Complaint for Damages* (henceforth referred to as "Plaintiff's *Complaint*") as follows:

## RENEWAL ACTION

### 1.

Defendant admits that this action was brought within six (6) months of the prior action.

## PARTIES, VENUE AND JURISDICTION

### 2.

Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 2 of the Plaintiff's Complaint, so those allegations are therefore denied.

### 3.

Defendant admits that it is an Ohio corporation with its principal office at 1014 Vine Street, Cincinnati, Ohio 45202, admits it is registered to do business in the state of Georgia, and admits that it may be served by its registered agent, CSC of Cobb County, Inc., at 192 Anderson Street, S.E., Suite 125, Marietta, Georgia 30060.  Kroger further admits that it operates a grocery store located at 950 Herrington Road, Lawrenceville, Gwinnett County, Georgia.  Kroger denies that venue is proper in this Court, denies that it is "d/b/a Kroger", and denies the remaining allegations contained in paragraph 3 of the Plaintiff's Complaint.

4.

Defendant admits the allegations contained in paragraph 3 of the Plaintiff's Complaint.

5.

Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 5 of the Plaintiff's Complaint, so those allegations are therefore denied.

6.

Denied.

7.

Admitted.

## **FACTUAL BACKGROUND**

8.

Defendant admits that on September 22, 2015 the Plaintiff visited the Kroger store located at 950 Herrington Road, Lawrenceville, Georgia, Gwinnet County, Georgia.

9.

Denied.

10.

Defendant admits that it owed certain duties to invitees at its store which are defined by statute, and that statute speaks for itself.  Defendant denies the remaining allegations contained in paragraph 9 of the Plaintiff's Complaint as pled.

11.

Denied.

12.

Denied.

13.

Denied.

14.

Denied.

## **COUNT II NEGLIGENCE OF JOHN DOE**

15.

Defendant incorporates and restates its responses to Paragraphs 1 through 14 of the Plaintiff's Complaint as if fully set forth herein.

16.

Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 16 of the Plaintiff's Complaint, so those allegations are

therefore denied.

17.

Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 17 of the Plaintiff's Complaint, so those allegations are therefore denied.

18.

Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 18 of the Plaintiff's Complaint, so those allegations are therefore denied.

19.

Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 19 of the Plaintiff's Complaint, so those allegations are therefore denied.

20.

Defendant  lacks sufficient information to either admit or deny the allegations contained in paragraph 20 of the Plaintiff's Complaint, so those allegations are therefore denied.

21.

Defendant lacks sufficient information to either admit or deny the allegations

contained in paragraph 21 of the Plaintiff's Complaint, so those allegations are therefore denied.

### 22.

Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 22 of the Plaintiff's Complaint, so those allegations are therefore denied.

### 23.

Denied.

### 24.

Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 24 of the Plaintiff's Complaint, so those allegations are therefore denied.

### 25.

Denied.

### 26.

Defendant denies each and every allegation not specifically admitted hereinabove, denies that Kroger was negligent in any way, and denies that Plaintiff is entitled to recover any amount from Kroger herein.

## SECOND DEFENSE

Pending further investigation and discovery, Defendant reserves the right to assert all affirmative defenses available under law.

## THIRD DEFENSE

For a third defense, Defendant asserts that the defenses of contributory and comparative negligence may bar Plaintiff from recovery or shall apply such that any recovery awarded they must be reduced in proportion to their negligence with respect to the purported accident at issue.

## FOURTH DEFENSE

No action or omission on the part of a Defendant proximately caused the alleged injuries and damages claimed by Plaintiff, and therefore Plaintiff cannot recover from Defendant.

## FIFTH DEFENSE

Defendant breached no legal duty owing Plaintiff, and therefore Plaintiff cannot recover from Defendant.  At all times, Defendant exercised that degree of care required by law; therefore, Plaintiff may not recover in any sum or manner whatsoever.

## SIXTH DEFENSE

Plaintiff may not recover against Defendant because no act or omission of Defendant or its employees was the legal cause or the proximate cause of Plaintiff's alleged injuries and damages.  Defendant did not breach a material duty owing to Plaintiff.

## SEVENTH DEFENSE

Subject to and in anticipation of discovery, Defendant asserts the defenses of contributory and comparative negligence which may bar Plaintiff from recovery or said defenses shall apply such that any recovery awarded to her must be reduced in proportion to her negligence with respect to the alleged incident at issue as determined by the fact-finder.

## EIGHTH DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

## NINTH DEFENSE

This Court lacks venue over Defendant.

## TENTH DEFENSE

This Court lacks personal jurisdiction over Defendant.

WHEREFORE, having fully responded to the averments in Plaintiff's *Complaint*, Defendant The Kroger Co. respectfully prays:

(a)     That judgment is rendered in favor of Kroger and against Plaintiff;

(b)     That Kroger be discharged with all costs cast against Plaintiff;

(c)     That this matter be tried by a jury of twelve persons regarding any

        issues not subject to summary adjudication; and

(d)     For such other and further relief as is just and proper.

Respectfully submitted this 2nd day of September, 2022.

**GRAY, RUST, ST. AMAND,**
**MOFFETT & BRIESKE, L.L.P.**         ***/s/ Sarah Raquel L. Lisle_____***
950 East Paces Ferry Road, N.E.      Matthew G. Moffett
Suite 1700 – Salesforce Tower Atlanta   Georgia State Bar No. 515323
Atlanta, Georgia 30326               Sarah Raquel L. Lisle
Telephone:  (404) 870-7386           Georgia State Bar No. 412593
Facsimile:   (404) 870-1033          *Attorneys for The Kroger Co.*

## <u>CERTIFICATE OF SERVICE AND COMPLIANCE WITH L.R. 5.1</u>

I HEREBY CERTIFY that I have caused service of the within and foregoing

**KROGER'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT** to

be made upon all parties to the above-styled action via electronic filing and via

United States Mail with sufficient postage affixed thereon, addressed as follows:

Jason Barrett Green
MORGAN & MORGAN, PLLC
P.O. Box 57007
Atlanta, Georgia 30343-1007
jgreen@forthepeople.com

This is to further certify that the foregoing complies with the font and point

selections approved by the Court in Local Rule 5.1.  It is prepared in Times New

Roman 14-point font.

This 2nd day of September, 2022.

| | |
|---|---|
| **GRAY, RUST, ST. AMAND,** | |
| **MOFFETT & BRIESKE, L.L.P.** | **/s/ Sarah Raquel L. Lisle_____** |
| 950 East Paces Ferry Road, N.E. | Matthew G. Moffett |
| Suite 1700 – Salesforce Tower Atlanta | Georgia State Bar No. 515323 |
| Atlanta, Georgia 30326 | Sarah Raquel L. Lisle |
| Telephone:  (404) 870-7386 | Georgia State Bar No. 412593 |
| Facsimile:   (404) 870-1033 | *Attorneys for The Kroger Co.* |
| Email: mmoffett@grsmb.com | |
|       slisle@grsmb.com | |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IKRAM ALSAADY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | NO. _____ |
| | ) | |
| THE KROGER CO. d/b/a KROGER | ) | ***Removed from Gwinnett County State*** |
| and JOHN DOE, | ) | ***Court*** |
| | ) | ***Civil Action Number: 22-C-04233-S4*** |
| Defendant. | | |

## DEFENDANT'S  DEMAND FOR A TRIAL BY A JURY OF TWELVE PERSONS

COMES NOW The Kroger Co., named as a defendant in the *Complaint For Personal Injuries* of Plaintiff, Ikram Alsaady, by and through undersigned counsel, pursuant to the Federal Rules of Civil Procedure, Rule 38, and hereby demands a trial by jury of twelve persons.

Respectfully submitted this 2nd day of September, 2022.

**GRAY, RUST, ST. AMAND,**
**MOFFETT & BRIESKE, L.L.P.**          ***/s/ Sarah Raquel L. Lisle_____***
950 East Paces Ferry Road, N.E.          Matthew G. Moffett
Suite 1700 – Salesforce Tower Atlanta     Georgia State Bar No. 515323
Atlanta, Georgia 30326               Sarah Raquel L. Lisle
Telephone:  (404) 870-7386           Georgia State Bar No. 412593
Facsimile:   (404) 870-1033           *Attorneys for The Kroger Co.*

## <u>CERTIFICATE OF SERVICE AND COMPLIANCE WITH L.R. 5.1</u>

I HEREBY CERTIFY that I have caused service of the within and foregoing **KROGER'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT** to be made upon all parties to the above-styled action via electronic filing and via United States Mail with sufficient postage affixed thereon, addressed as follows:

Jason Barrett Green
**MORGAN & MORGAN, PLLC**
P.O. Box 57007
Atlanta, Georgia 30343-1007
jgreen@forthepeople.com

This is to further certify that the foregoing complies with the font and point selections approved by the Court in Local Rule 5.1.  It is prepared in Times New Roman 14-point font.

Respectfully submitted this 2nd day of September, 2022.

| | |
|---|---|
| **GRAY, RUST, ST. AMAND,** | |
| **MOFFETT & BRIESKE, L.L.P.** | */s/ Sarah Raquel L. Lisle* _____ |
| 950 East Paces Ferry Road, N.E. | Matthew G. Moffett |
| Suite 1700 – Salesforce Tower Atlanta | Georgia State Bar No. 515323 |
| Atlanta, Georgia 30326 | Sarah Raquel L. Lisle |
| Telephone:  (404) 870-7386 | Georgia State Bar No. 412593 |
| Facsimile:   (404) 870-1033 | *Attorneys for The Kroger Co.* |